UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS ROE,

     Plaintiff,

v.                             CASE NO. 3:22-cv-971-MMH-LLL

HOWARD E. FRYER, et al.,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS EACH COUNT OF THE SECOND AMENDED COMPLAINT [Doc.38] AGAINST VARIOUS DEFENDANTS NAMED THEREIN and MOTION FOR ADDITIONAL TIME TO RESPOND

Pursuant to Rules 8 and 12(b)(6), *Federal Rules of Civil Procedure*, Defendants HOWARD E. FRYER, SHERIFF OF CLAY COUNTY'S OFFICE, MICHELLE COOK, COUNTY OF CLAY, DAVID BARNES, RICKY WRIGHT, CHRIS COLDIRON, and JOSEPH BUCCI ("Defendants") move to dismiss particular defendants from each count of the Second Amended Complaint (doc 38) and  move to dismiss Count X for failure to state a claim upon which relief can be granted; move this Court for an Order precisely identifying any claims against particular defendants which remain or requiring Plaintiff to submit an amended complaint which narrows the parties and issues in accordance therewith; and move for an Order granting any remaining defendants a 10-day period to further respond following the Court's ruling on the proper defendants

and claims and/or any amended complaint to be submitted by Plaintiff. As grounds for this motion, Defendants state:

1.    Plaintiff filed an Amended Complaint [Doc.18] in October 2022 and Defendants responded with a Motion to Dismiss. [Doc.31]. Plaintiff then filed a Second Amended Complaint [Doc.38] which corrects some but not all of the deficiencies of its predecessor.

2.    Plaintiff Travis Roe sues eight named Defendants as well as ten un-named "John Doe" defendants. Without waiving any other defenses available to them, Defendants seek to dismiss multiple defendants entirely from the lawsuit, seek to dismiss particular defendants from each of the numbered counts, and seek to dismiss one count in its entirety. The reasons for the dismissals are set forth below.

3.    Clay County is a separate and distinct legal entity from the Sheriff of Clay County, in her official capacity; there are no allegations directly against the County; it is not a proper defendant and should be dismissed in its entirety.

4.    The Sheriff of Clay County's Office is not a properly suable entity and should be dismissed. The proper defendant is the Sheriff of Clay County, in her official capacity. *Heckman v. Hall*, 3:07CV268MCRMD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007), *report and recommendation adopted,* 3:07CV268/MCR/MD, 2007 WL 2428487 (N.D. Fla. Aug. 27, 2007). ("[N]o provision is made constitutionally or statutorily for a "Sheriff's Office" as a

2

separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office given authority to be sued in such a name.") (Internal citation omitted).

5.      Howard Fryer (and the John Doe defendants) are sued in their official and individual capacities. Though they could be named in their official capacities, such is unnecessary when "the Sheriff" is a named Defendant as suits against a municipal officer in his official capacity is the functional equivalent as suit against the local government. *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991).

6.      The John Doe defendants should be dismissed entirely as federal courts allow fictitious party pleading in only narrow circumstances which are not present here.

7.      Counts III and IV seek to bring *Monell* claims against Sheriff of Clay County's Office and County of Clay, entities which are not properly suable. The proper defendant, the Sheriff of Clay County, in her official capacity, should be substituted as the defendant or the claims should be dismissed.

8.      Counts V and VI are state law claims against Defendant Fryer and the John Doe defendants in their individual and official capacities. To the extent these are claims in their official capacities, the proper defendant is the Sheriff of Clay County in her official capacity. To the extent Plaintiff seeks to

sue the individuals, those claims are contradicted by his allegations therein that state the individuals were acting in the course and scope of their employment. [Doc.38, ¶¶98 and 102]. Under Florida law, a law enforcement officer acting in the course and scope of his duties "may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28. All individual defendants must be dismissed from these counts.

9.      Counts VIII and IX are state law claims for negligent hiring and retention which Plaintiff attempts to bring against all defendants. Under Florida law, a law enforcement officer acting in the course and scope of his duties "may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28. All individual defendants must be dismissed from these counts. As noted above, Defendants Sheriff of Clay County's Office and County of Clay must also be dismissed as they are not suable entities or proper defendants.

10.     Count X purports to state a cause of action for "tortious conduct" by way of "negligence or in other ways as yet undetermined" on the part of the John Doe defendants. Even assuming these individuals were properly named,

the vague allegations of negligence or other undetermined tortious conduct are insufficient to identify and state the elements of any cause of action.

11.    Because this motion addresses the proper defendants and/or claims for relief with respect to each and every claim and Defendants believe substitutions will be required and/or claims will be fully eliminated, Defendants respectfully request this Court grant, to any remaining defendant, a 10-day period of time to respond following the Court's ruling on the proper defendants and claims and/or any amended complaint to be submitted by Plaintiff.

12.    The Second Amended Complaint teeters on the edge of the first category of shotgun pleadings disfavored by the Eleventh Circuit Court of Appeals,[1] *see e.g., Mike Henderson v. Portfolio Recovery Associates, Lcc, & Synchrony Bank,* 8:23-CV-390-TPB-SPF, 2023 WL 2610159, at *1 (M.D. Fla. Mar. 23, 2023). Furthermore, the multiple improper defendants make it challenging to identify the proper parties and claims and difficult to frame a responsive pleading.

13.    This motion is not made for dilatory or other improper purposes but to definitively identify the parties and claims so that the proper Defendants

---

[1] In paragraph 38, Plaintiff states, "All of the averments above, and particularly those contained in this section, are incorporated into each of the following Counts."

may meaningfully respond thereby allowing for a more efficient proceeding for the Court and the parties.

WHEREFORE, Defendants respectfully request this Court dismiss the defendants and claims as noted above, require Plaintiff to submit an amended complaint which narrows the parties and issues in accordance therewith, and grant any remaining defendants a 10-day period to further respond following the Court's ruling on the proper defendants and claims and/or any amended complaint to be submitted by Plaintiff.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), the undersigned counsel certifies that she spoke with counsel for Plaintiff via telephone regarding the issues raised herein and that counsel advised Defendants should proceed with their motion.

## Memorandum of Law

Pursuant to Local Rule 3.01(a), Defendants offer the following memorandum of law in support of their Motion:

Clay County is not a proper defendant and should be dismissed in its entirety. "Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. FLA. CONST. ART. VIII, §§ 1(a) and (d)." *Heckman v. Hall*,

3:07CV268MCRMD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007), *report and recommendation adopted,* 3:07CV268/MCR/MD, 2007 WL 2428487 (N.D. Fla. Aug. 27, 2007). Plaintiff makes no allegations against Clay County itself apart from referring to the "Clay County SWAT team" which he explicitly uses interchangeably with "Sheriff of Clay County Swat team," then describing deputies as wearing *Sheriff* team uniforms and carrying equipment issued by *Sheriff* of Clay County. See, e.g., Doc.38, ¶¶3, 23.

The Sheriff of Clay County's Office is not a properly suable entity and should be dismissed. *See King v. Lake Cnty.,* 5:17-CV-52-OC-34PRL, 2017 WL 6502395, at *5 (M.D. Fla. Dec. 19, 2017) ("Rule 17(b) of the Federal Rules of Civil Procedures (Rule(s)), provides that the "[c]apacity to sue or be sued is determined...by the law of the state where the court is located." FED. R. CIV. PRO. 17(b)(3). Under Florida law, a sheriff's department is not a legal entity that can be sued. *Christy v. Sheriff of Palm Beach County, Fla.,* 288 Fed. Appx. 658, 662–63 (11th Cir. 2008). *See also Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.").")

Official capacity claims against Howard Fryer and the John Doe defendants should be dismissed. The proper defendant is Sheriff of Clay County, in her official capacity. *See King v. Lake Cnty.,* 5:17-CV-52-OC-34PRL, 2017 WL 6502395, at *6 (M.D. Fla. Dec. 19, 2017). Though they could be named

7

in their official capacities, such is unnecessary when "the Sheriff" is a named Defendant as suits against a municipal officer in his official capacity is the functional equivalent as suit against the local government. *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). *See also Goudy v. Hoffman,* 8:21-CV-2229-TPB-TGW, 2023 WL 2571018, at *2 (M.D. Fla. Mar. 20, 2023) ("any official capacity claims against the defendant deputies are duplicative of the official capacity claims against Sheriff [ ] and must be dismissed with prejudice.")

Defendants John Does 1-10 should be dismissed as they are not sufficiently identified. *See King v. Lake Cnty.,* 5:17-CV-52-OC-34PRL, 2017 WL 6502395, at *6 (M.D. Fla. Dec. 19, 2017) ("Generally, the federal courts do not permit fictitious party pleading. *See Williams v. DeKalb County Jail,* 638 Fed. Appx. 976, 976–77 (11th Cir. 2016); *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1318 n.4 (11th Cir. 2015). A narrow exception exists where "the plaintiff's description of the defendant is so specific as to be 'at the worst, surplusage.'" *Minnis v. Keaton,* No. 17–CIV–20575–GAYLES, 2017 WL 2471080, *8 (S.D. Fla. May 5, 2017) (citing *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir. 1992)), *affirmed and adopted by Minnis v. Keaton,* No. 17–cv–20575/GAYLES/WHITE, 2017 WL 2464835 (S.D. Fla. June 7, 2017).")

In his Second Amended Complaint, Plaintiff has added multiple descriptors for possible persons who would fall into the category of John Does

1 – 10 now identifying them as those "who were involved in the stopping, apprehension, arrest, and subsequent conduct toward the Plaintiff and/or who were present during the same and failed to prevent or stop the actions and/or supervised the officers involved and/or were responsible for the hiring and training of the officers involved." [Doc.38, Style of the case]. Plaintiff further states they "are believed to be individuals whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise." [Doc.38, ¶15]. This vague description does not provide sufficient identification of the persons such that this Court could summon the individuals to appear. It does not meet any exception to the general prohibition in federal court against fictitious pleading. *See King v. Lake Cnty.,* 5:17-CV-52-OC-34PRL, 2017 WL 6502395, at *6.

Counts III and IV should be dismissed as the defendants named therein are not proper defendants. As Defendants addressed above, the Sheriff of Clay County's Office is not a properly suable entity and should be dismissed. *See King v. Lake Cnty.,* 5:17-CV-52-OC-34PRL, 2017 WL 6502395, at *5 (M.D. Fla. Dec. 19, 2017). Furthermore, Clay County is a separate legal entity, there are

no allegations particular to it, it is not a proper defendant, and it should be dismissed in its entirety.

Counts V and VI are state law claims against Defendant Fryer and the John Doe defendants in their individual and official capacities. To the extent these are claims in their official capacities, the proper defendant is the Sheriff of Clay County in her official capacity. To the extent Plaintiff seeks to sue the individuals, those claims are contradicted by his allegations therein that the individuals were acting in the course and scope of their employment. [Doc.38, ¶¶98 and 102]. Under Florida law, a law enforcement officer acting in the course and scope of his duties "may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28. All individual defendants must be dismissed from these counts.

Counts VIII and IX are state law claims for negligent hiring and retention which Plaintiff attempts to bring against all defendants without specifying whether the claims are brought against the individuals in their official or individual capacities. As established herein, if claims are made against individual defendants for actions "taken while acting within the scope of their employment," then by statute, these law enforcement officers "may not be held personally liable in tort or named as a party defendant in any action

for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment." Florida Statutes, §768.28(9)(a). All individual defendants must be dismissed from these counts. Furthermore, Defendants Sheriff of Clay County's Office and County of Clay must also be dismissed as they are not suable entities or proper defendants.

Count X must be dismissed as it fails to state a viable cause of action. It purports to state a cause of action for "tortious conduct" by way of "negligence or in other ways as yet undetermined" on the part of the John Doe defendants. Even assuming these individuals were properly named, the vague allegations of negligence or other undetermined tortious conduct are insufficient to identify and state the elements of any cause of action. For example, a claim for negligence requires a showing of the elements of a duty owed and a breach thereof. *See, e.g. Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783–84 (Fla. 1st DCA 2003) ("The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie.")  No such elements are pled.

Conclusion

Plaintiff improperly named defendants and claims as set forth above and they should be dismissed. For clarity, Plaintiff should once again be required to submit an amended complaint which narrows the parties and issues in accordance with this Court's ruling, and any remaining defendants should be

granted a 10-day period to further respond following the Court's ruling on the proper defendants and claims and/or any amended complaint to be submitted by Plaintiff.

For the easy reference of the Court and opposing counsel, Defendants summarize their motion and posit any remaining claims or amended complaint would be:

Count I – §1983 claim against Defendant Fryer individually for Excessive Force in violation of Plaintiff's Fourth Amendment rights

Count II – §1983 claim against Defendant Fryer individually for Failure to Intervene in violation of Plaintiff's Fourth Amendment rights

Count III – §1983 claim against the Sheriff of Clay County, in her official capacity, for an unconstitutional custom or policy which violated Plaintiff's Fourth Amendment rights

Count IV – §1983 claim against the Sheriff of Clay County, in her official capacity, for failure to train and supervise which violated Plaintiff's Fourth Amendment rights

Count V – Florida common law claim for Assault against the Sheriff of Clay County, in her official capacity,

Count VI – Florida common law claim for Battery against the Sheriff of Clay County, in her official capacity

Count VII– Florida common law claim for Intentional Infliction of Emotional Distress against Defendant Fryer individually

Count VIII– Florida common law claim for Negligent hiring against the Sheriff of Clay County, in her official capacity

Count IX –    Florida common law claim for Negligent retention against the Sheriff of Clay County, in her official capacity

Count X –     Dismissed in its entirety

Respectfully submitted this <u>26th</u> day of April 2023.

*/s/ Gwendolyn P. Adkins*

 Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
adelk@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420   Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
HOWARD E. FRYER, CLAY COUNTY SHERIFF'S OFFICE, MICHELLE COOK, COUNTY OF CLAY, DAVID BARNES, RICKY WRIGHT, CHRIS COLDIRON, and JOSEPH BUCCI

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*s/ Gwendolyn P. Adkins*
Attorney