UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS ROE,

    Plaintiff,

v.                                                  CASE NO. 3:22-cv-971-MMH-LLL

SHERIFF OF CLAY COUNTY, et al.,

    Defendants.
_____/

## DEFENDANT MAERTZ'S MOTION *IN LIMINE* and INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Evidence 401, 402, 403, 701, 702, 801, and 802, Defendant Mark Maertz, individually, files this Motion *in Limine* to exclude from consideration, evidence, jury selection, opening statements, or closing arguments at trial in this matter, evidence as set forth herein.

Background

A single claim advances to trial: Plaintiff's 42 U.S.C. §1983 excessive force claim against Mark Maertz, individually, for allegedly punching Plaintiff repeatedly after he was secured and compliant. [Appellate Opinion].

Prior complaints/IA/Disciplinary history

Any reference to or evidence of any prior complaints, internal department investigations, and any findings from them should be excluded

because the evidence's prejudicial effect substantially outweighs its probative value, and is, therefore, inadmissible under Federal Rule of Evidence 403. Additionally, the evidence is likely to confuse and mislead the jury.

Any reports of such complaints, investigation, or discipline contain hearsay, and hearsay within hearsay, and are barred by Rule 802 of the Federal Evidence Code.

Clearly established law requires the exclusion of any evidence regarding the violation of police department policies and procedures, because such evidence is irrelevant to the question of excessive force under the Constitution. *Landsman v. City of Vero Beach*, 13-14375-CIV, 2015 WL 10960961, at *1 (S.D. Fla. Oct. 21, 2015) (citing *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005)). Police department regulations may not be used to impose civil liability on a police officer. *Brown v. City of Clewiston*, 644 F. Supp. 1417, 1421 (S.D. Fla. 1986).

Any investigation, findings, conclusion, and/or resulting discipline reached by an internal investigation regarding a potential policy violation by Mark Maertz on this or any other occasion are inadmissible under FRE 403. Whether Maertz violated an internal policy is not relevant to whether he is liable for using excessive force under the Constitution. There is a high probability the jury will confuse these issues. There is also a high danger the jury will give great deference to the findings of this internal investigation.

Maertz objects to this evidence for the reasons stated above, and FRE 401-Relevance, 402-Relevance, 403-Probative value outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury, 801-Hearsay, 802-Hearsay, and 701-Improper lay opinion testimony.

The Court should exclude all evidence of any complaints of misconduct, internal investigation, findings, and resulting discipline.

<u>Police Practices Opinions of Thomas Tiderington</u>

Plaintiff has proffered the opinions of Thomas Tiderington on a variety of police practices as expert opinion. However, The opinions of Thomas Tiderington are not admissible because they will not assist the trier of fact through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. They are further inadmissible because they contain legal conclusions and misstatements of law.

Specifically to be excluded are the following:

1. Any statements of the law;

2. Any statements as to the meaning of Plaintiff's actions;

3. Any statements as to IACP policies and/or the Concepts and Issues Paper;

4. Any statements as to the causation of any injuries to Plaintiff;

5. Any statements which are legal conclusions;

6. Any statements which are purely speculative;

3

    7. Any opinions which are based on erroneous factual premises.

> Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chemicals, Inc.,* 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 587 (1993)).

**A. The testimony of Thomas Tiderington is not admissible because it will not assist the trier of fact to understand the evidence or to determine a fact in issue.**

Expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. *Id.* Expert testimony can be powerful and potentially misleading. *Id.* "Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *Id.*

As a preliminary matter, Mr. Tiderington states that the investigative file did not contain a "risk matrix" or any type of written operational plan for high-risk tactical operations. Mr. Tiderington states that the failure to utilize a written operational plan is a deviation from widely acceptable police practices and standards. [Doc.109-5]. However, Mr. Tiderington is mistaken, because the investigative file does include an operational plan, and Defendants provided a copy of this plan to Plaintiff during discovery. Therefore, Mr. Tiderington's conclusions regarding the deviation from standard police practices regarding the lack of written operational plan is erroneous.

Here, as shown in the expert report by Thomas Tiderington, Mr. Tiderington's opinions do not contain the application of scientific, technical, or specialized expertise that will assist the trier of fact to understand the evidence or to determine a fact in issue. Mr. Tiderington's opinion merely contains a recitation of the facts based on his review of the video and incident reports and conclusory opinions that Deputies Redmond and Maertz actions deviated from accepted police practices and standards.

Aside from the mistaken conclusion regarding the written operational plan, Mr. Tiderington's report offers four final conclusions: 1. Deputies Redmond and Maertz violated multiple accepted and recognized law enforcement policies and procedures while arresting Mr. Roe; 2. Their violations resulted in the use of unreasonable/excessive force; 3. Mr. Roe could

5

have been apprehended without any force while still ensuring the safety of law enforcement deputies; and 4. If Deputies Redmond and Maertz had adhered to proper law enforcement procedures, Mr. Roe would not have sustained the injuries incurred during the arrest.

Whether excessive use of force was used or whether Mr. Roe could have been apprehended without any force while still ensuring officer safety is a legal conclusions for the jury to decide based upon the instructions of law from the judge. Thus, the second and third conclusions are not admissible.

Mr. Tiderington also opines that the video shows Plaintiff surrendering before deputies used force to apprehend him. However, this is also a question of fact for the jury, who will have equal access and ability to review the video evidence as Mr. Tiderington, and is not a matter of specialized knowledge. Mr. Tiderington does not offer anything more than what the lawyers for the parties can argue in closing arguments.

Moreover, the violation of police standard operating procedures, "will not turn an otherwise constitutional use of force into a constitutional violation." *Lizarazo v. Greaves*, 1:16-CV-20558-UU, 2018 WL 8224943, at *3 (S.D. Fla. June 21, 2018) (quoting *U.S. v. Rodella*, 2014 WL 6634310 at *15 (N.D. N. Mex. 2014)). In excessive force cases, such expert testimony regarding standard policy procedures is not relevant and may actually confuse the jury as to what standard they need to apply to reach a just verdict. *Id.1*; *L'Esperance v. Mings*,

6

CIV-02-0258MCA/RLP, 2003 WL 25692557, at *4 (D.N.M. July 14, 2003) ("[A] party may not use evidence of standard operating procedures, training, or less intrusive alternatives in order to supplant the legal standard of objective reasonableness that has been defined by the Supreme Court and the Tenth Circuit and is reflected in the Court's jury instructions.").

The U.S. Constitution, as defined by the Supreme Court, Eleventh Circuit, and which is reflected in the jury instructions, is the correct legal standard to judge whether Defendants used excessive force. Mr. Tiderington's opinions regarding the violation of law enforcement practices and procedures may confuse the jury as to what standard they must apply to reach a just verdict in this case. The jury may believe that if Defendants violated law enforcement policies and procedures, it should find Defendants liable, when in fact these standards do not control.

### B. The testimony of Thomas Tiderington is not admissible because it will contain misstatements of law.

Mr. Tiderington's legal analysis and legal conclusions are not admissible. *Julmist v. Prime Ins. Co.*, 92 F.4th 1008, 1022 (11th Cir. 2024) ("[W]e have repeatedly said, in a number of contexts, that we do not need, want, or accept expert testimony on questions of law.") It is well settled that determining whether force is excessive is purely a question of law, and not a question subject to expert testimony. *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir.

7

2013) citing *Scott v. Harris*, 550 U.S. 372, 381, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). Mr. Tiderington analyzes the facts of case and applies those facts to the U.S. Supreme Court decision of *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Through his legal analysis, Mr. Tiderington opines that Defendants used excessive force.

Mr. Tiderington, who is a law enforcement officer, is not using special scientific or technical methods in his capacity as a law enforcement officer, but rather is providing a legal analysis and legal conclusions. Mr. Tiderington, as an expert witness, is prohibited from testifying as to the legal implications of conduct. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). "The court must be the jury's only source of law." *Id.* Moreover, an expert may not "merely tell the jury what result to reach." *Id.* Expert testimony must be "carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Here, Mr. Tiderington's legal analysis and legal conclusions on the use of force usurp the role of the judge and the jury and thus are not admissible.

In addition to being inadmissible as a matter of well settled case law, Mr. Tiderington's legal analysis and conclusion are likely to confuse and mislead the jury.

> "Expert testimony is also not helpful, and indeed potentially confusing for the jury, when it purports to articulate the requirements of the law, especially when those requirements differ from the actual requirements set forth in binding legal authorities."

*Washington v. City of Waldo, Florida*, 1:15CV73-MW/GRJ, 2016 WL 3545909, at *4 (N.D. Fla. Mar. 1, 2016) (citing *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994)).

## CONCLUSION

For the foregoing reasons, Mark Maertz respectfully requests this Honorable Court grant his motion *in limine* and exclude from this trial in its entirety the evidence described herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Defendant Maertz has not yet communicated with Plaintiff's counsel as to the details of this motion but files this to comply with pretrial deadlines and in anticipation that Plaintiff will oppose the same. In accordance with Local Rule 3.01(g), counsel will promptly attempt contact with Plaintiff's counsel to meaningfully confer regarding the relief sought herein and promptly advise the court if any portion of the issues herein can be resolved without the necessity of court intervention.

*/s/ Gwendolyn P. Adkins*
Gwendolyn P. Adkins, FBN: 0949566
**COPPINS MONROE, P.A**
2316 Killearn Center Boulevard, Suite 202
Tallahassee, Florida 32309
Telephone:  (850) 422-2420
Facsimile:   (850) 422-2730
gadkins@coppinsmonroe.com
kflemming@coppinsmonroe.com

ATTORNEY FOR DEFENDANT MARK MAERTZ

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Gwendolyn P. Adkins*
Attorney