UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| TRAVIS ROE, individually, <br> Plaintiff, <br><br> v. <br><br> SHERIFF OF CLAY COUNTY, ET AL <br><br> Defendants. | Case No.: <br> 3:22-cv-971-MMH-LLL |

**PLAINTIFF'S MOTION IN LIMINE**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404 Plaintiff Travis Roe, individually, files this Motion in Limine[1] to exclude from consideration, evidence, jury selection, opening statements, or closing arguments at trial in this matter, evidence as set forth herein.

**Evidence to Be Excluded**

1. The alleged fact that Plaintiff was a member of the Aryan Brotherhood.

2. The alleged fact that Plaintiff and his family members were strongly anti-law enforcement and heavily armed.

3. The fact that the arrest warrant to be served on August 27, 2020 was for a homicide offense.

4. The fact that the Plaintiff subsequently entered a plea of guilty for a negotiated sentence and is currently on felony probation for Case Number 2001258 with the Florida

---

[1] Undersigned counsel is aware that the filing date of this motion is past the "deadline for filing all other motions including motions in limine-- March 2, 2026" per the Court's dated October 6, 2025. However, no prejudice has resulted as the Defense Motion in Limine has yet to be heard and argued as well. Additionally, Plaintiff's counsel did discuss the substance of this motion with Defense counsel on March 6, 2026 in order to give her as much advance notice as possible.

Department of Corrections with a scheduled termination date of 04/09/2027, and that this case involves the same offense for which he was arrested on the warrant on August 27, 2020.

## Legal Basis for Exclusion of Evidence

*Items 1 and 2*

The Plaintiff's alleged membership in the Aryan Brotherhood was based on unreliable information from a suspect source and was never corroborated by any evidence obtained by law enforcement. The Plaintiff himself denied being a member of any Aryan Brotherhood at his deposition. The inflammatory nature of membership in the Aryan Brotherhood is extremely high, conjuring up images of swastikas, Nazis, and white supremacy beliefs. Any probative value would be vastly outweighed by the prejudice to the Plaintiff. Additionally, this type of evidence would constitute evidence of prior bad acts in violation of FRE 404. Similarly, the allegations that Mr. Roe and his family members were anti-law enforcement and heavily armed constitutes improper bad character evidence which runs afoul of FRE 404. None of Mr. Roe's family members interfered in the arrest process in any manner whatsoever, and no gun was ever found at the scene on Mr. Roe's person or in the immediate area where the arrest was made. Therefore, this evidence should be excluded in accordance with FRE 403 and 404. *See United States v. Martinez*, Docket No. 23-10848 (11th Cir. 2025) ("Rule 401 provides that "[e]vidence is relevant if it has any tendency to make a material fact more or less probably than it would be without evidence." *United States v. Lewis*, 40 F.4th 1229, 1245 (11th Cir. 2022). And Rule 403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing of the issues, or misleading the jury." *Id*. (citing Fed. R. Evid. 403)"). *See also State v. McClain,* 525 So. 2d 420 (Fla. 1988); *State v. Smith,* 573 So. 2d 306 (Fla. 1990). Improper character evidence should be excluded under Rule 404(b)(1). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). *Teel v. Sheriff Eric Flowers*, Docket No. 22-11106 (11th Cir. 2024).

*Items 3 and 4*

The nature of the alleged crime that formed the basis for the arrest warrant executed on August 27, 2020 is irrelevant, would only serve to inflame the emotions of the jurors, and would bring in inadmissible bad character evidence. It would be sufficient to explain to the jury that the law enforcement officers on that day were making a felony arrest based on a felony arrest warrant. Likewise, that fact that in subsequent court proceedings, Mr. Roe ultimately entered a plea of guilty and was sentenced to the crime that formed the basis for the arrest warrant is irrelevant and would only invite the jury to infer that because Mr. Roe was found guilty for the underlying crime in the arrest warrant, that law enforcement should somehow be granted free reign to

effectuate the arrest in any manner that they saw fit regardless of any applicable rules, procedures, or laws that might be violated. The fact that Mr. Roe is currently on probation supervised by the Florida Department of Corrections is also irrelevant. In a criminal case where the State of Florida through one of the State Attorneys is a party and could potentially grant leniency to a witness who is on probation, courts have held that a witness may be questioned regarding being on probation and being made any offer or promises by the State Attorney. However, that is not the case here as no prosecutorial authority is a party to the case at bar. Therefore, this evidence should be excluded in accordance with FRE 403 and 404. *See United States v. Martinez*, Docket No. 23-10848 (11th Cir. 2025) ("Rule 401 provides that "[e]vidence is relevant if it has any tendency to make a material fact more or less probably than it would be without evidence." *United States v. Lewis*, 40 F.4th 1229, 1245 (11th Cir. 2022). And Rule 403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing of the issues, or misleading the jury." *Id*. (citing Fed. R. Evid. 403)"). *See also State v. McClain,* 525 So. 2d 420 (Fla. 1988); *State v. Smith,* 573 So. 2d 306 (Fla. 1990). Improper character evidence should be excluded under Rule 404(b)(1). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). *Teel v. Sheriff Eric Flowers*, Docket No. 22-11106 (11th Cir. 2024).

The above listed evidence would have little or no probative value to establish any material fact relating to the elements to be proven in this case. However, such evidence would improperly inflame the emotions of the jurors, introduce inadmissible bad acts/character evidence, and run afoul of Federal Rules of Evidence 403 and 404. Therefore, it should be excluded.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Plaintiff has communicated with Defendant Maertz's counsel as to the details of this motion and based on that conversation anticipates that Defendant will oppose the same. In accordance with Local Rule 3.01(g), counsel contacted Defendant's counsel to meaningfully confer regarding the relief sought herein and therefore believes that none of the issues herein can be resolved without the necessity of court intervention.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Robert S. Mactavish, Esq.
Florida Bar No.: 0596388
BEOWULF BUILDING
1814 East Route 70 – Suite 321

Cherry Hill, NJ 08003
(T) 856.652.2000 x497
(F) 856.375.1010
Email: robert.mactavish@llgnational.com
*Attorney for Plaintiff*