United States District Court
Middle District of Florida
Jacksonville Division

TRAVIS ROE,

     Plaintiff,

v.

MARK MAERTZ,

     Defendant.

NO. 3:22-CV-971-MMH-LLL

_____

**Order**

Before the Court are Defendants' Motion Tax Costs and Supporting Memorandum of Law, doc. 190, and Motion for Entitlement to Attorneys' Fees, doc. 191. On June 23, 2026, the Court held a jury trial on plaintiff's 42 U.S.C. § 1983 excessive-force claim against Deputy Mark Maertz. Doc. 175.[1] On June 26, 2026, the jury returned a verdict in favor of Deputy Maertz, and the Court entered final judgment. Doc. 187. Defendants then filed motions to tax costs and for entitlement to

---

[1] The Court previously granted summary judgment in favor of defendants on Counts I–IV and denied summary judgment as to Counts V–VII. Doc. 114 at 31–32. The Court, however, "decline[d] to continue to exercise jurisdiction over these claims, and Counts V, VI, and VII [were] dismissed without prejudice to Roe refiling these claims in state court if he so chooses." *Id.* at 32. The Court then entered final judgment. Doc. 115. Plaintiff timely appealed. Doc. 117. On August 13, 2025, the Eleventh Circuit reversed and remanded judgment on plaintiff's 42 U.S.C. § 1983 claim against Deputy Maertz (Count I), which then proceeded to a jury trial. Docs. 121, 122.

attorneys' fees. Docs. 190, 191. Thereafter, on July 17, 2026, plaintiff, proceeding pro se, timely appealed the final judgment. Docs. 192, 193.[2]

Typically, the filing of a notice of appeal divests the district court of jurisdiction on any matter involved in the appeal. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, an appeal does not "prevent the court from entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citation omitted). Specifically, a "district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case." *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam)[3] (citing *Rothenberg v. Sec. Mgmt. Co., Inc.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, a district court has discretion to "deny a motion for attorneys' fees without prejudice with leave to refile after the appeal has concluded." *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-38CM, 2019 WL 8370780, at \*1

---

[2] Defendant represents that plaintiff opposes the motions, docs. 190 at 10, 191 at 7. Under Local Rule 3.01(d), plaintiff's responses to both motions were due on July 30, 2026. Middle District of Florida Local Rules (explaining parties have "fourteen days after service of [a] motion" to respond; *see* Fed. R. Civ. P. 6(d) ("When a party . . . must act within a specified time . . . " and service is made by U.S. mail 3 days are added after the time to act would have expired). Although plaintiff filed his appeal within this timeframe, his appeal does not constitute a response to the motions under the Local Rules. Plaintiff is cautioned that future motions may be "subject to treatment as unopposed" if he fails to file a timely response. Local Rule 3.01(d), Middle District of Florida Local Rules.

[3] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

(M.D. Fla. July 10, 2019)[4] (citing Fed. R. Civ. P. 54(d) Advisory Committee Note to 1993 Amendment) (additional citations omitted). The Court also maintains discretion to postpone the taxation of costs pending the resolution of an appeal. *E.g., Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F.Supp. 1322, 1341 (S.D. Ga. 1989) (staying taxation of costs pending appeal); *Am. Infra–Red Radiant Co. v. Lambert Indus., Inc.*, 41 F.R.D. 161, 163 (same); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 756 & n.1 (D.C. Cir. 1980) (granting motion to defer ruling on costs pending outcome of appeal).

The Court finds that "[r]ather than resolving the motions during [plaintiff's] appeal, justice will be better served by denying them without prejudice and with leave to refile after the appeal ends." *Short*, 2019 WL 8370780, at *1; *see also Moss v. Am. Private Equity, LLC*, No. 8:18-cv-587-T-23JSS, 2020 WL 7408020, at *1 (M.D. Fla. Mar. 10, 2020) ("While Defendants['] appeal was pending, the Court denied Plaintiffs' motion for attorneys' fees without prejudice to re-filing the motion after disposition of the appeal.");[5] *Hess v. Coca-Cola Refreshments USA, Inc*, No. 8:13-CV-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016) ("[D]enying [motions to tax costs and

---

[4] The Court notes that although decisions of district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[5] The Court is unaware of any Westlaw citation that adopts or declines to adopt this Report and Recommendation. However, an examination of the docket in 8:18-cv-00587-SDM-J_S reveals that doc. 298 adopted the Report and Recommendation.

attorneys' fees] without prejudice and with leave to re-file after the conclusion of the appeal. Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist the Court of Appeals . . . .").

It is **ordered**:

1. Defendants' Motion to Tax Costs and Supporting Memorandum of Law, doc. 190, and Motion for Entitlement to Attorneys' Fees, doc. 191, are **denied without prejudice**.

2. Defendants may refile their motions **within 21 days** of an appellate mandate or dismissal, or other resolution of the appeal. Failure to file within the allotted time **may result in the denial of any subsequent motions seeking an award of costs or attorneys' fees**.

**Ordered** in Jacksonville, Florida on August 4, 2026.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Travis Roe, pro se
    6317 Wofford Dr.
    Keystone Heights, FL 32656
Carl D Berry, Esquire
Lawrence A. Katz, Esquire
Robert Sinclair Mactavish, Esquire
Gwendolyn Palmer Adkins, Esquire

4