UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS ROE,

Plaintiff,

v. CASE NO. 3:22-cv-971-MMH-LLL

MARK MAERTZ, individually,

Defendant.

_______________________________/

**DEFENDANTS' RENEWED[1] MOTION TO TAX COSTS**
**AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Middle District of Florida Local Rule 3.01(a), and Fed.R.Civ.P. 54(d), Defendants Mark Maertz, Michelle Cook, as Sheriff of Clay County, Howard E. Fryer, David Barnes, Ricky Wright, Chris Coldiron, Joseph Bucci, and Clinton Redmond, move this Court for entry of an order awarding costs. As grounds for this motion, Defendants state:

1. On September 7, 2022, Plaintiff Travis Roe filed his Complaint [Doc.1] against six of the above-named Defendants and others alleging eleven different counts of constitutional and other harms related to his arrest for murder on August 27, 2020.

[1] Pursuant to this Court's Order of August 4, 2026 [Doc.194], this Motion which was previously filed as Document 190 is being filed anew following the dismissal of the appeal. [Doc.195].

2. After the Complaint was struck as a shotgun pleading [Doc.14], in October 2022, Plaintiff filed his first Amended Complaint against, in relevant part, the same six of the above-named Defendants. [Doc.18].

3. Plaintiff's second Amended Complaint [Doc.38] was filed on April 12, 2023, again naming the same six relevant defendants and, after a motion to dismiss [Doc.40], Plaintiff amended yet again and filed his third Amended Complaint [Docs.56 & 62] against the same defendants.

4. Plaintiff's fourth Amended Complaint [Doc.89] was deemed filed on February 12, 2024 [Doc.91], and named as defendants Sheriff Michelle Cook and Deputies Clint Redmond and Mark Maertz.

5. On October 25, 2024, this Court granted summary judgment in favor of all defendants on the federal claims and dismissed the state law claims without prejudice. [Doc.114].

6. Plaintiff never refiled the state law claims.

7. Plaintiff appealed the Order granting summary judgment as to the federal claims [Docs.117, 121, fn.8] and the Eleventh Circuit remanded a single question regarding whether the strikes attributable to Mark Maertz were excessive force. [Doc.121].

8. Upon submitting the question to a jury, the jury returned a verdict in favor of Mark Maertz and against Travis Roe. [Doc.184].

9. Judgment was entered on June 29, 2026 [Doc.187], and this motion is timely filed. Fed.R.Civ.P. 54(b).

10. The filing of an Amended Complaint which did not include earlier defendants, the failure to refile any state law claims, the running of the statute of limitations acted as a dismissal with prejudice, and the failure to succeed on appeal acted as a dismissal with prejudice in favor of all other defendants. *See Ctr. for Individual Rights v. Chevaldina*, No. 21-13453, 2022 U.S. App. LEXIS 26869, at *12 (11th Cir. Sep. 26, 2022) ("When a court dismisses a suit without prejudice, and the applicable statute of limitations bars further litigation, we typically review the dismissal as if it were made with prejudice. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).").

11. All Defendants are prevailing parties. *See, e.g.*, *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) ("There is no question that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule 54(d)(1).") (cleaned up); and *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314 (11th Cir. 2025) (where one plaintiff sues multiple defendants, there can be more than one prevailing party).

12. Under Fed.R.Civ.P. 54(d), costs shall be allowed to the prevailing party as a matter of course. *See Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984). Defendants are entitled to costs and it is incumbent on Plaintiff to

overcome the presumption that they are entitled to costs. *Gilchrist,* 733 F.2d at 1557.

13. Taxable costs are generally limited to those items outlined in 28 U.S.C. §1920. Defendants' Bill of Costs [Doc.189] identifies the following fees which are provided for by §1920 and are properly taxable under Rule 54(d)(1):

**A. Fees for transcripts necessarily obtained in this case**

| FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS | | |
|---|---|---|
| **EXHIBITS TO BILL OF COSTS** | **DESCRIPTION** | **AMOUNT** |
| 1-A Cancellation Fee[2] | Late Cancellation Fee – Deposition of Travis Roe;<br>Lexitas, Invoice No. 324565 | $ 340.00 |
| 1-B | Audio Interview Transcript – Mark Maertz;<br>Capital City Court Reporters, Invoice No. CCD231221 | $ 57.75 |
| | Audio Interview Transcript – Clinton Redmond;<br>Capital City Court Reporters, Invoice No. CCD231221 | $ 105.00 |
| | Audio Interview Transcript – Travis Roe;<br>Capital City Court Reporters, Invoice No. CCD231221 | $163.75 |
| 1-C | Deposition of Travis Roe;<br>Lexitas, Invoice No. 326628 | $ 1,116.10 |
| 1-D | Deposition of Mark Maertz; and | $ 552.55 |

[2] This deposition was noticed for December 11, 2023, beginning at 1pm. At 7:30am on December 11, counsel for Plaintiff advised they would arrive late due to an error made by his office when scheduling the flight. At approximately noon the same day, counsel advised that they were unable to reschedule the flight to attend the deposition. See Doc.189-1, Composite Exhibit 1-A.

| | | |
|---|---|---|
| | Deposition of Clint Redmond; DiPiero Court Reporting, Invoice No. 00077993 | |
| 1-E | Deposition of Rob Schoonover; DiPiero Court Reporting, Invoice No. 00077991 | $ 234.05 |
| 1-F | Pretrial Hearing Transcript, Date: 03/23/26; Katherine M. Healey, RMR, FRP, Invoice No. 20230058 | $ 346.80 |
| | **TOTAL:** | **$ 2,916.00** |

## B. Fees for witnesses

| **FEES FOR WITNESSES** | | |
|---|---|---|
| **EXHIBITS TO BILL OF COSTS** | **DESCRIPTION** | **AMOUNT** |
| 2-A | Clinton Redmond Airline Travel (April Trial); United Airlines, CM Check No. 37820 | $ 507.80 |
| 2-B | Clinton Redmond Airline Travel (April Trial); United Airlines, CM Check No. 37889 | $200.88 |
| 2-C | Sean Bader CM Check No. 37914 | $ 40.00 |
| 2-D | Howard Fryer CM Check No. 39713 | $ 84.23 |
| 2-E | Clinton Redmond Airline Travel (June Trial); United Airlines, Mastercard **0084 | $ 1,345.81 |
| | **TOTAL:** | **$ 2,178.72** |

14. These costs were reasonable, necessary and proper for counsel's effective preparation of the case and should be awarded to Defendants as taxable costs under Fed.R.Civ.P. 54(d)(1). [*See* Declaration of Gwendolyn P. Adkins, Doc. 189-3].

**WHEREFORE**, in accordance with the rules of procedure, statutes, and case law, Defendants respectfully request this Court award them the above-stated taxable costs more fully described and identified in their Bill of Costs.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Defendants file this memorandum of law in support of their Bill of Costs and Motion to Tax Costs.

## I. COSTS

The Court is afforded great discretion in ascertaining taxable costs. *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir. 1985). This discretion must be exercised within the parameters of 28 U.S.C. §1920, which defines "costs" under Rule 54. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed. 2d 385 (1987), *superseded on other grounds,* 42 U.S.C. § 1988(c) (1991) (*see United States EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)). All of the categories of costs itemized in the Bill of Costs are specifically allowed by 28 U.S.C. § 1920, which includes (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and (2) fees for witnesses.

### A. Fees for transcripts necessarily obtained for use in the case.

"Taxation of deposition costs is authorized by Section 1920(2)." *W & O, Inc.,* 213 F.3d at 620 ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase

'stenographic transcript.'"). “The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Wish v. MSC Crociere S.A.*, No. 07-60980-CIV, 2009 WL 347793, (S.D. Fla. Feb. 11, 2009) (citing *W & O, Inc*. at 620-21). "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Wish* at *2 (quoting *Jeffries v. Ga. Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga.1981)).

A trial judge has great discretion to tax the costs of a deposition if any part of the deposition was necessarily obtained for use in a case, regardless of whether the deposition is actually admitted at trial. *See e.g. Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 912 (M.D. Fla. 1989) (“this circuit has rejected any blanket rule that a deposition must be admitted in evidence in order to be recoverable”) (citing *Murphy v. Flagler Beach*, 761 F.2d 622, 631 (11th Cir. Fla. 1985)).

Plaintiff’s deposition was taken in order to address the most basic, essential facts relating to Plaintiff’s claims and was used to defend against Plaintiff’s claims. The depositions of the other witnesses identified by Plaintiff as having knowledge of the claims were also necessary to ascertain the

existence of any admissible evidence, or lack thereof, to support Plaintiff's claims. The cost of these depositions is properly taxable. *W & O, Inc.,* 213 F.3d at 621. Defendants also transcribed sworn statements previously made by Plaintiff and Defendants Redmond and Maertz.

The transcripts were reasonable and necessary in the defense of the case. All transcripts for which recovery is requested were cited by Defendant McCallum in his Motion for Summary Judgment, Statement of Facts, and Memoranda of Law. [Docs.27 & 28]. While some of the witnesses would have overlapped with claims against Defendant Gregory, the depositions of Lieutenant Scott Tummond and the Sheriff's 30(b)(6) representative (W.O. Beauchamp) were almost exclusively related to the claim against Sheriff McCallum. Moreover, neither Tummond, Beauchamp, Franco Almeida, nor Mike Wilkinson, testified at the trial of the case against Defendant Gregory.

Pursuant to 29 U.S.C. §1920, Defendants are entitled to the costs for their purchase of the transcripts.

**Total fees for depositions and transcripts:** **$ 2,916.00**

**B. Fees for witnesses**

"Rule 54 creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (cleaned up). 28 U.S.C. § 1920(3) provides for the taxation of fees for witnesses.

**Total fees for witnesses:** **$ 2,178.72**

## II. INTEREST

When costs are awarded, the prevailing party is further entitled to recover interest on the award from the date of entry of the final judgment in accordance with 28 U.S.C. § 1961. This federal rate of interest is calculated from the date of the entry of the judgment at a rate outlined by section 1961(a) and distributed to the Courts by the Director of the Administrative Office of the United States Courts. *See also BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045 (11th Cir. 1994). Such interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961. Defendants request interest at the published rate, accruing from the date of judgment.

## III. CONCLUSION

A trial court has great discretion in the taxation of costs and its award will not be overturned unless there is a clear abuse of discretion. *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir. 1991). The expenses requested by Defendants were reasonably necessary to the defense of this action and are properly assessed as taxable costs provided for by statutes and case law.

## Certificate of Compliance

In accordance with Local Rule 3.01(g), counsel for Defendants certifies that prior to filing the initial motion she conferred with Plaintiff's counsel in a good faith attempt to resolve the issue through a meaningful conference with Plaintiff's counsel. Plaintiff opposes the relief sought herein.

Respectfully submitted this 4th day of September 2026.

/s/ *Gwendolyn P. Adkins*

Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Zackery A. Scharlepp, Esq.
(FBN: 0085374)
gadkins@coppinsmonroe.com
zascharlepp@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), this document is being filed with the court's electronic-filing system and service shall be through the Court's transmission facilities on all registered users appearing in this case.

*/s/ Gwendolyn P. Adkins*
Attorney