UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS ROE,

Plaintiff,

v. CASE NO. 3:22-cv-971-MMH-LLL

MARK MAERTZ, individually,

Defendant.

_______________________________/

**DEFENDANTS' RENEWED[1] MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES**

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, and Rule 7.01 of the Local Rules of the United States District Court for the Middle District of Florida, Defendants Mark Maertz, Michelle Cook, as Sheriff of Clay County, Howard E. Fryer, David Barnes, Ricky Wright, Chris Coldiron, Joseph Bucci, and Clinton Redmond hereby move this Court for the entry of an order confirming their entitlement to attorneys' fees. Specifically, Defendants seek in this bifurcated procedure a determination that they are entitled to fees prior to any determination of the amount of an award that may be granted. The grounds for this motion are set forth below.

[1] Pursuant to this Court's Order of August 4, 2026 [Doc.194], this Motion which was previously filed as Document 191 is being filed anew following the dismissal of the appeal. [Doc.195].

1. On September 7, 2022, Plaintiff Travis Roe filed his Complaint [Doc.1] against six of the above-named Defendants and others alleging eleven different counts of constitutional and other harms related to his arrest for murder on August 27, 2020. The complaint was amended as to these defendants multiple times with the last complaint against them being Plaintiff's third Amended Complaint filed April 12, 2023. [Docs.56 & 62].

2. On July 5, 2023, Defendants Michelle Cook, as Sheriff of Clay County, Howard E. Fryer, David Barnes, Ricky Wright, Chris Coldiron, and Joseph Bucci filed Notices of Service of Proposals for Settlement/Offers of Judgment to Plaintiff. [Docs.67, 68, 69, 70, 71, and 72; and Composite Exhibit 1 hereto] and served the same on Plaintiff along with the offers themselves.

3. Plaintiff did not accept any of the proposals within the 30 days allowed under Florida law.

4. On February 12, 2024, Plaintiff's fourth Amended Complaint was deemed filed [Docs.89&91] and continued to include Sheriff Michelle Cook as a defendant while adding Deputies Clint Redmond and Mark Maertz, and eliminating all other previously named parties.

5. On June 3, 2024, Defendants Clint Redmond and Mark Maertz filed Notices of Service of Proposals for Settlement/Offers of Judgment to Plaintiff. [Docs.102, 103; and Composite Exhibit 2 hereto].

6. Plaintiff did not accept any of the proposals within the 30 days allowed under Florida law.

7. On October 25, 2024, this Court granted summary judgment in favor of all defendants on the federal claims and dismissed the state law claims without prejudice. [Doc.114]. Plaintiff never refiled the state law claims.

8. After appeal of the federal claims and trial on one such claim, the jury returned a verdict in favor of Mark Maertz and against Travis Roe. [Doc.184].

9. The filing of an Amended Complaint which did not include earlier defendants [Doc.89], the failure to refile any state law claims, and the running of the statute of limitations acted as a dismissal with prejudice as to all state law claims against all defendants. *See Ctr. for Individual Rights v. Chevaldina*, No. 21-13453, 2022 U.S. App. LEXIS 26869, at *12 (11th Cir. Sep. 26, 2022) ("When a court dismisses a suit without prejudice, and the applicable statute of limitations bars further litigation, we typically review the dismissal as if it were made with prejudice. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).").

10. All Defendants are prevailing parties. *See, e.g.*, *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) ("There is no question that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule

54(d)(1).") (cleaned up); and *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314 (11th Cir. 2025) (where one plaintiff sues multiple defendants, there can be more than one prevailing party).

11. Judgment was entered on June 29, 2026 [Doc.187], and this motion is timely filed. Fed.R.Civ.P. 54(b).

12. Defendants Michelle Cook, as Sheriff of Clay County, Howard E. Fryer, David Barnes, Ricky Wright, Chris Coldiron, and Joseph Bucci are entitled to attorneys' fees against Plaintiff on the state law claims of Assault (Count V), Battery (Count VI), Intentional Infliction of Emotional Distress (Count VII), Negligent Hiring (Count VIII), and Negligent Retention (Count IX), pursuant to the Offer of Judgment procedures set forth in Florida Statute §768.79 and Florida Rules of Civil Procedure 1.442, from the date of service of the Offers of Judgment until the date of the Order disposing of the claims.

13. Defendants Clint Redmond and Mark Maertz are entitled to attorneys' fees against Plaintiff on the state law claims of Assault (Count V), Battery (Count VI), and Intentional Infliction of Emotional Distress (Count VII), pursuant to the Offer of Judgment procedures set forth in Florida Statute §768.79 and Florida Rules of Civil Procedure 1.442, from the date of service of the Offers of Judgment until the date of the Order disposing of the claims.

14. Pursuant to Fed.R.Civ.P. 54(2)(B)(iii), Defendants fairly estimate the total amount of fees will be between $52,000 – 55,000. The details and final

amount sought will be provided during the second phase of the fee determination as provided by rule or order of this Court.

WHEREFORE, Defendants Mark Maertz, Michelle Cook, as Sheriff of Clay County, Howard E. Fryer, David Barnes, Ricky Wright, Chris Coldiron, Joseph Bucci, and Clinton Redmond hereby move this Court for an order granting fees and providing for the timeline to submit supporting documentation of the amounts thereof in the bifurcated process outlined by Rule 7.01 of the Local Rules of the United States District Court for the Middle District of Florida.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.01(b), Defendants offer the following memorandum of law in support of their motion.

Florida Statute §768.79 provides that if a defendant files an offer judgment which is not accepted by the plaintiff within 30-days then the defendant shall be entitled to recover reasonable costs and attorney's fees from the date of the filing of the offer if the judgment is one of no liability. Plaintiff's elimination of the claims against five defendants by the filing of the third Amended Complaint which did not include earlier defendants [Doc.89], the failure to refile any state law claims, the running of the statute of limitations the failure to succeed on appeal, the jury verdict in favor of Mark Maertz, and the entry of Judgment acted as a dismissal with prejudice, a final adjudication

of no liability on all claims of Plaintiff, and/or otherwise disposed of all claims in favor of all defendants. The Florida statute applies when a state-law claim is litigated in federal court. *See Hale v. Bay Cty. Sch. Bd. & William Husfelt*, No. 5:17cv265-RH-GRJ, 2019 U.S. Dist. LEXIS 132745, at *6, 7 (N.D. Fla. Mar. 25, 2019) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) and *McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002)).

In compliance with Florida Statutes, §768.79, Defendants formally served upon Plaintiff their respective Offers of Judgment / Proposals for Settlement to resolve all state law claims against them for the total sum of $100.00 each.[2] Defendants had good and reasonable grounds to believe he would eventually prevail on these claims and that his exposure was minimal, but the result was not certain. Plaintiff did not accept the offer within the prescribed 30-day time period.

Pursuant to the above statutory and procedural guidelines, Plaintiff is responsible for attorneys' fees incurred from the date of the offer until the Court's adjudication of no liability. *Anderson v. Hilton Hotels Corp.,* 202 So. 3d 846, 858 (Fla. 2016) ("[T]he plain language of both section 768.79 and Florida Rule of Civil Procedure 1.442 indicates that [plaintiff's] entitlement to

---

[2] An offer under the statute may address fewer than all the claims in a case. *See Harris Specialty Chems., Inc. v. Punto Azul S.A. de C.V.*, 12 So. 3d 809, 810 (Fla. 3d DCA 2009) (citing *Jacksonville Golfair, Inc. v. Grover*, 988 So. 2d 1225, 1227 (Fla. 1st DCA 2008)).

attorneys' fees was actualized after he submitted sufficient offers and obtained satisfactory judgments in his favor.") The liability for fees begins on July 5, 2023, and runs through October 25, 2024, when this Court dismissed the state law claims. [Doc.114]. Defendants are entitled to fees for the state law claims under the above authority and circumstances.

## CONCLUSION

For the foregoing reasons, Defendants request the entry of an order confirming their entitlement to attorneys' fees against Plaintiff Travis Roe for the state law claims pursuant to their successful Offers of Judgment / Proposals for Settlement, and further reserving jurisdiction to determine the amount of any attorneys' fees pursuant to the authority cited herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Prior to filing the initial motion, pursuant to Local Rule 3.01(g), Middle District of Florida, the undersigned counsel for Defendants conferred telephonically with Plaintiff's counsel Robert Mactavish in a good faith effort to resolve this issue prior to the filing of the Motion. Plaintiff objects to the relief requested herein.

Respectfully submitted this 4th day of September 2026.

*/s/ Gwendolyn P. Adkins*

Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Zackery A. Scharlepp, Esq.
(FBN: 0085374)
gadkins@coppinsmonroe.com
zascharlepp@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), this document is being filed with the court's electronic-filing system and service shall be through the Court's transmission facilities on all registered users appearing in this case.

*/s/ Gwendolyn P. Adkins*
Attorney